Daniel M. Hansen, Esq. (NSB #13886)
dhansen@gibbsgiden.com
Madison G. Wedderspoon, Esq. (NSB #16648)
mwedderspoon@gibbsgiden.com
**GIBBS GIDEN LOCHER TURNER
SENET & WITTBRODT LLP
7251 W. Lake Mead Blvd., Ste. 450
Las Vegas, Nevada 89128
(702) 836-9800**

Attorneys for Defendant
STUART C. IRBY COMPANY, LLC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STUART C. IRBY COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMMNV, LLC; ARIC HORNING; UPRISE FIBER, LLC; UPRISE, LLC; and GREAT MIDWEST INSURANCE COMPANY, <br><br> Defendants. | Case Number <br> 2:24-cv-01889 <br><br> **NOTICE OF CORRECTED IMAGE RE: DOCUMENT 1** |

PLEASE TAKE NOTICE that attached is the corrected image of Document 1.

.

Respectfully submitted,

GIBBS GIDEN LOCHER TURNER SENET
& WITTBRODT LLP

*/s/ Daniel M. Hansen, Esq.*
 Daniel M. Hansen, Esq.
 Nevada Bar #13886
 Madison G. Wedderspoon, Esq.
 Nevada State Bar #16648
 *Attorneys for Stuart C. Irby Company,
 LLC*

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

1

3264015.1

1   Daniel M. Hansen, Esq. (NSB #13886)
    dhansen@gibbsgiden.com
2   Madison G. Wedderspoon, Esq. (NSB #16648)
    mwedderspoon@gibbsgiden.com
3   **GIBBS GIDEN LOCHER TURNER**
    **SENET & WITTBRODT LLP**
4   **7251 W. Lake Mead Blvd., Ste. 450**
    **Las Vegas, Nevada 89128**
5   **(702) 836-9800**

6

7   Attorneys for Defendant
    STUART C. IRBY COMPANY, LLC.

8
                    **UNITED STATES DISTRICT COURT**
9
                           **DISTRICT OF NEVADA**
10

11

12   STUART C. IRBY COMPANY, LLC,          | Case No.

13                    Plaintiff,

                                           | **COMPLAINT**
14         v.

15   COMMNV, LLC; ARIC HORNING; UPRISE
     FIBER, LLC; UPRISE, LLC; and GREAT
16   MIDWEST INSURANCE COMPANY,

17                    Defendants.

18

19         Stuart C. Irby Company, LLC ("Irby") files this complaint against CommNV, LLC

20   ("CommNV"); Aric Horning ("Horning"); Uprise Fiber, LLC; Uprise, LLC (the two Uprise entities

21   are sometimes referred to collectively as "Uprise"); and Great Midwest Insurance Company

22   ("GMIC").

23                               **PARTIES**

24         1.      Plaintiff Irby is a Mississippi limited liability company. Irby's sole member, Sonepar

25   USA Holdings, Inc., is a Delaware corporation with a principal place of business in Delaware.

26         2.      Defendant CommNV is a Nevada limited liability company. Upon information and

27   belief, CommNV's sole member is Aric Horning. Mr. Horning is a Nevada citizen. Thus, CommNV

28   is a Nevada citizen for diversity of jurisdiction purposes.

                                           1

3.      Defendant Aric Horning is a citizen of the State of Nevada.

4.      Defendant Uprise Fiber, LLC is a Nevada limited liability company. Upon information and belief, Uprise Fiber, LLC's sole member is Stephen A. Kromer. Mr. Kromer is a Nevada citizen. Thus, Uprise Fiber, LLC is a Nevada citizen for diversity of jurisdiction purposes.

5.      Defendant Uprise, LLC is a Nevada limited liability company. Upon information and belief, Uprise, LLC's sole member is Stephen A. Kromer. Mr. Kromer is a Nevada citizen. Thus, Uprise, LLC is a Nevada citizen for diversity of jurisdiction purposes.

6.      Defendant GMIC is a Texas insurance company, organized and existing under the laws of the State of Texas, with a principal place of business in Texas.

### JURISDICTION

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1352.

8.      The Court also has subject matter jurisdiction over certain claims asserted in this action under 28 U.S.C. § 1367.

### VENUE

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Irby's claims occurred in this judicial district.

10.     Venue also is proper in this Court pursuant to Nev. Rev. Stat. Ann. § 339.055 because this Court embraces the location where the contract for which the bond was given was to be performed.

### FACTUAL BACKGROUND

11.     Irby sells electrical materials for use in construction projects.

12.     CommNV is an electrical contractor.

13.     Aric Horning is a member of CommNV.

14.     On May 22, 2023, Horning signed on CommNV's behalf an Irby Application for Credit and Billing Information (the "Application").

15.     Once approved, the Application established for CommNV an open account with Irby through which CommNV could purchase materials from Irby on credit.

2

16.    A copy of the Application is attached as Exhibit 1.

17.    The Application also contains a section titled "Personal Guaranty" (the "Guaranty").

18.    The Guaranty makes the guarantor who executes it personally liable to Irby for amounts CommNV owed to Irby at the time the guarantor executed the Guaranty as well as any amounts CommNV might owe Irby in the future.

19.    Horning executed the Guaranty on May 22, 2023. *See* Exhibit 1.

20.    The Application's Terms and Conditions of Sale (the "Sales Terms") provide that service charges will accrue on delinquent balances that CommNV owes Irby at a rate of 1.5% per month.

21.    The Sales Terms also provide that Irby can recover attorneys' fees and other costs of collecting any amounts that CommNV owes Irby.

22.    Uprise entered into a contract (the "Contract") with the Nevada Department of Transportation ("NDOT") for the construction of a public work (the "Project") at NDOT I-80 Corridor in Lovelock, Nevada.

23.    Uprise served as the general contractor on the Project.

24.    In connection with the Project, Uprise furnished a payment bond (the "Bond") in compliance with Nev. Rev. Stat. Ann. § 339.025.

25.    A copy of the Bond is attached as Exhibit 2.

26.    Uprise is the principal on the Bond, and GMIC is the Surety.

27.    Under the terms of the Bond, Uprise and GMIC became jointly and severally liable "to pay for labor, materials and equipment furnished for use in the performance of" the Contract.

28.    Uprise entered into a contract with CommNV for CommNV to perform certain work as a subcontractor on the Project.

29.    Irby furnished material (the "Material") to CommNV for carrying out work provided for in the Contract.

30.    Irby sent written notice to Uprise informing Uprise that Irby was supplying Materials for the Project. (Exhibit 3).

31.    CommNV failed to fully pay Irby for the Material that Irby provided.

3

32.   The outstanding principal balance CommNV owes Irby for the Material is $171,679.61 (the "Principal Balance").

33.   Copies of the unpaid invoices (the "Invoices") that reflect the amounts that comprise the Principal Balance are attached as Exhibit 4.

34.   The service charges CommNV owes Irby on the delinquent Principal Balance that have accrued through September 10, 2024 are $25,235.44.

35.   A schedule summarizing the Invoices and the accrued service charges is attached as Exhibit 5.

36.   Irby last furnished Material, for which it was not paid, for carrying out the work provided for in the Contract on October 18, 2023.

37.   Irby gave written notice (the "Notice") dated and mailed January 16, 2024, to Uprise, GMIC, and CommNV that it had not been fully paid for the Material.

38.   A copy of the Notice Irby sent to Uprise, GMIC, and CommNV is attached as Exhibit 6.

39.   In the Notice, Irby notified Uprise, GMIC, and CommNV of the principal amount of its claim and that Irby will bring suit to enforce its rights if Irby does not receive payment.

40.   Irby has not been paid the outstanding amounts owed to it for the Material it furnished.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

41.   Irby repeats and realleges the allegations contained in paragraphs 1 through 40 as though fully set forth herein.

42.   A contract existed between Irby and CommNV in which Irby sold CommNV the Material on an open account.

43.   CommNV breached that contract by not fully paying for the Material.

44.   Irby performed all of its obligations under the contract.

45.   Irby suffered damages as a result of that breach in an amount to be determined at trial, but no less than $196,915.05, plus interest.

///

4

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

1

**SECOND CAUSE OF ACTION**

**(Claim for Payment under the Bond and**

**Under Nev. Rev. Stat. Ann. § 339.015 *et seq.*)**

46.    Irby repeats and realleges the allegations contained in paragraphs 1 through 45 as though fully set forth herein.

47.    Irby furnished the Material for carrying out the work provided for in the Contract for which the Bond was furnished under Nev. Rev. Stat. Ann. § 339.015 *et seq.*

48.    Irby has not been fully paid for the Material.

49.    Irby complied with Nev. Rev. Stat. Ann. § 339.015 *et seq.* by timely providing written notice to Uprise of CommNV's failure to fully pay Irby for the Material.

50.    Irby is, therefore, entitled to bring this action on the Bond against Uprise and GMIC for recovery of the amounts due to Irby.

51.    Irby is entitled to recover from GMIC and Uprise under the Bond for this Project in an amount to be determined at trial, but no less than $196,915.05, plus interest.

**THIRD CAUSE OF ACTION**

**(Enforcement of Rights under the Guaranty)**

52.    Irby repeats and realleges the allegations contained in paragraphs 1 through 51 as though fully set forth herein.

53.    The Guaranty is a valid guaranty by Horning of all amounts CommNV owes Irby.

54.    Horning has not honored the Guaranty, and in that way has breached the contract and the Guaranty.

55.    Irby performed all of its obligations under the contract and the Guaranty.

56.    Irby is entitled to recover from Horning all amounts CommNV owes Irby, in an amount to be determined at trial, but no less than $196,915.05, plus interest.

**FOURTH CAUSE OF ACTION**

**(Unjust Enrichment)**

57.    Irby repeats and realleges the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

5

1      58.    CommNV purchased electrical materials from Irby.

2      59.    Defendants retained the benefit of those materials without fully compensating Irby

3  for them.

4      60.    Therefore, it would be unjust for Defendants to maintain the benefit of the materials

5  provided by Irby without compensating Irby for those materials.

6      61.    Irby is entitled to recover from Defendants an amount to be determined at trial, but

7  no less than $196,915.05, plus interest.

8      ACCORDINGLY, Irby respectfully requests that the Court enter a judgment in Irby's favor

9  and against defendants CommNV, Horning, Uprise, and GMIC awarding Irby the following relief:

10     A. Making CommNV, Uprise, and GMIC jointly and severally liable to Irby for:

11         (i)    The unpaid Principal Balance of $171,679.61,

12         (ii)   The accrued 1.5% per month service charges calculated from the due date of the

13                outstanding principal amount of each of the Invoices through the date of payment,

14         (iii)  Attorneys' fees and other costs Irby incurred to collect the amounts owed to Irby,

15                and

16         (iv)   Pre and post judgment interest;

17     B. Making Horning liable with the other defendants for the above-identified items in A(i),

18  (ii), and (iv), and for 20% of the total of those items as attorneys' fees and costs; and

19     C. Any other relief the Court deems appropriate.

20     Dated: October 8, 2024.

21
22                                  Respectfully submitted,

22                                  GIBBS GIDEN LOCHER TURNER SENET
23                                  & WITTBRODT LLP

24                                  /s/ Daniel M. Hansen, Esq.
                                    Daniel M. Hansen, Esq.
25                                  Nevada Bar #13886
                                    Madison G. Wedderspoon, Esq.
26                                  Nevada State Bar #16648
27                                  Attorneys for Stuart C. Irby Company,
                                    LLC
28

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

**EXHIBIT TABLE**

| Exhibit | Description | Pages |
|---------|-------------|-------|
| 1 | Application for Credit and Billing Information | 6 |
| 2 | Payment Bond | 10 |
| 3 | Preliminary Notice | 3 |
| 4 | Invoices | 5 |
| 5 | Schedule of Invoices | 1 |
| 6 | Bond Claim | 8 |

7

# EXHIBIT "1"

# COMMERCIAL CREDIT APPLICATION



IRBY  ELECTRICAL DISTRIBUTOR

Please complete the following application in its entirety to ensure prompt processing of the account setup. You are welcome to email the final signed application to credit@irby.com and then please mail the original to the corporate address at:

Attn: Credit Department
PO Box 1819
Jackson, MS 39215

| FOR IRBY USE ONLY | | | CREDIT DEPARTMENT USE ONLY |
|---|---|---|---|
| ACCOUNT NO. _____ | | | |
| CUSTOMER TYPE _____ | | | |
| SALESMAN ID _____ | PRICE CLASS _____ | MANAGER INITIAL _____ | |
| CUSTOMER VELOCITY _____ | CUSTOMER SELECT CODE _____ | DATE _____ | |



A Sonepar Company

## APPLICATION FOR CREDIT AND BILLING INFORMATION

DATE 05/22/2023

CUSTOMER ACCOUNT NAME CommNV, LLC

BILLING EMAIL OR FAX aleisha@commnv.com

BILLING ADDRESS:  DEPARTMENT, ETC. Accounts Payable

POST OFFICE ADDRESS 9732 Pyramid Hwy, Box 904

CITY Sparks                          STATE NV      ZIP + 4 89441

PHONE NO. 530.518.8885               FAX NO.

A/P CONTACT PERSON Aleisha Long        E-MAIL ADDRESS aleisha@commnv.com

**billtrust** ☑ SIGN ME UP TO SAVE TIME PROCESSING INVOICES FOR PAYMENT, RETRIEVING ADDITIONAL COPIES, AND PAYMENTS.

SHIPPING ADDRESS: (PLEASE ADVISE IF MORE THAN ONE ADDRESS — PLEASE ATTACH SEPARATE LIST OF ALL SHIPPING ADDRESSES)

DEPARTMENT, ETC. Yard

STREET ADDRESS 1150 Mately Lane

CITY Reno                            STATE NV      ZIP + 4 89502

HIGH CREDIT REQUESTED $ 20,000.00          PLEASE SUBMIT FINANCIAL STATEMENT FOR CREDIT OVER $5,000.00

SALES TAX STATUS:  ☑ TAXABLE   ☐ EXEMPT   (ACCOUNT WILL BE SET UP TAX EXEMPT ONLY BY ATTACHING A VALID TAX EXEMPTION CERTIFICATE)

KIND OF BUSINESS: ☐ RESIDENTIAL   ☑ COMMERCIAL   ☐ UTILITY   DATE ESTABLISHED 07/07/2021

BUSINESS TYPE:  ☐ INDIVIDUAL   ☐ PARTNERSHIP   ☐ CORPORATION   ☑ OTHER: LLC

DUNS# ████████████        FEDERAL ID# ████████████

IF INDIVIDUAL:  SOCIAL SECURITY NUMBER _____ HOME PHONE _____

HOME ADDRESS _____

CITY _____ STATE _____ ZIP + 4 _____

LIST ALL OWNERS, OFFICERS, PARTNERS, OR OTHER RESPONSIBLE PERSONS:

NAME: Aric Horning                   TITLE President

NAME: _____                TITLE _____

NAME: _____                TITLE _____

BANK REFERENCES  1) BANK NAME Heritage Bank of Nevada     PHONE 775.626.9050

ADDRESS 330 Los Altos Pkwy

CITY Sparks                          STATE NV      ZIP + 4 89436

ACCOUNT NUMBER ████████████          CONTACT PERSON Cindy

IRBY ONLINE 24/7 – PLACE ORDERS AND MANAGE YOUR ACCOUNT VIA THE INTERNET
SIGN UP FOR ACCESS TO IRBY ONLINE AT http://www.irby.com/forms/signup_form.asp

**TRADE REFERENCES:**

**1) COMPANY NAME** Silver State Barricade

**ADDRESS** 1997 Glendale Ave

**CITY** Sparks                          **STATE** NV          **ZIP + 4** 89431

**PHONE NO.** 775.331.0907          **FAX NO.**

**2) COMPANY NAME** Empire Caterpillar

**ADDRESS** 600 Glendale Ave

**CITY** Sparks                          **STATE** NV          **ZIP + 4** 89431

**PHONE NO.** 775.385.5111          **FAX NO.**

**3) COMPANY NAME** DOWL

**ADDRESS** 5510 Longley Ln

**CITY** Reno                          **STATE** NV          **ZIP + 4** 89511

**PHONE NO.** 775.851.4788          **FAX NO.**

**4) COMPANY NAME** Wedco

**ADDRESS** 450 Toano

**CITY** Reno                          **STATE** NV          **ZIP + 4** 89512

**PHONE NO.** 775.329.1131          **FAX NO.**

HAS YOUR COMPANY, OR ANY OF ITS OWNERS OR PARTNERS EVER FILED A VOLUNTARY PETITION OF BANKRUPTCY? ☐ YES      ☑ NO
*(IF YES, YOU MUST ATTACH A LETTER OF EXPLANATION, INCLUDING ALL INFORMATION NECESSARY FOR VERIFICATION.)*

HAS A TAX LIEN BEEN FILED AGAINST YOUR COMPANY, OR ANY OF ITS OWNERS OR PARTNERS WITHIN THE PAST FIVE (5) YEARS
☐ YES   ☑ NO  *(IF YES, YOU MUST ATTACH A LETTER OF EXPLANATION, INCLUDING ALL INFORMATION NECESSARY FOR VERIFICATION.)*

*NO APPLICATION WILL BE PROCESSED WITHOUT THE SIGNATURE OF APPLICANT'S AUTHORIZED INDIVIDUAL.*
IN SUBMITTING THIS APPLICATION, I ACKNOWLEDGE THAT I HAVE READ, UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS OF SALE AS PRINTED ON THE REVERSE OF THIS APPLICATION AND CAN BE FOUND AT WWW.IRBY.COM.

THE APPLICANT AUTHORIZES THE ABOVE NAMED CREDITOR TO OBTAIN A WRITTEN OR ORAL CREDIT REPORT FROM ANY CREDIT REPORTING AGENCY.

APPLICANT WAIVES ALL RIGHTS REGARDING VENUE AND AGREES THAT ANY LEGAL ACTION REGARDING ITS ACCOUNT MAY BE BROUGHT IN THE APPROPRIATE COURT LOCATIONS AS STATED IN TERMS AND CONDITIONS.

BY SIGNING THIS APPLICATION I ACKNOWLEDGE I HAVE RECEIVED THE PRIVACY POLICY.

Aric Horning                    *Aric Horning*                    05/22/23

**NAME OF APPLICANT**              **SIGNATURE**                    **DATE**

**PERSONAL GUARANTY**

The undersigned has completed this Credit Application for the purpose of obtaining credit from Stuart C. Irby Co. as an inducement to Stuart C. Irby Co. extending credit to the above-named Applicant. Each of the individuals signing below in the spaces designated for Guarantor(s), by their signatures below, jointly and severally, hereby unconditionally guarantee to Stuart C. Irby Co. the payment of all existing indebtedness of the Applicant, together with any and all amounts that the Applicant shall at any future time owe to Stuart C. Irby Co. on account of materials, equipment, or any other goods or services furnished or sold, whether such indebtedness is in the form of an open account, promissory note, other commercial paper, or otherwise.

If the Applicant's account is placed in the hands of an attorney for collection, the undersigned Guarantor agrees to pay twenty percent (20%) of the account balance as attorney's fees and costs of collection.

This shall be a primary, absolute, unconditional, open and continuing guaranty, and shall continue in force until expressly revoked by written notice from the undersigned, mailed by certified mail and received by Stuart C. Irby Co. at its above-printed address; provided, however, that such revocation shall not in any manner affect the liability of the undersigned as to any indebtedness owed by the Applicant at the time of such revocation or as to any indebtedness incurred by Applicant prior to the receipt by Stuart C. Irby Co. of the above-mentioned revocation notice. It is the intent of the undersigned Guarantor to be primarily and not secondary liable for the indebtedness hereby assumed and guaranteed, and this is a guarantee of payment and not merely a guarantee of collection.

The time of payment of any indebtedness hereby guaranteed may be extended and the form of indebtedness changed, without notice to the undersigned Guarantor and without affecting or releasing the liability of the undersigned. Notice of indebtedness and default in payment are hereby expressly waived by each of the undersigned. It shall not be necessary for Stuart C. Irby Co. to procure any judgement against the Applicant before demanding and receiving payment from the undersigned for any indebtedness guaranteed hereby. Each of the undersigned Guarantors hereby represent to Stuart C. Irby Co. that he is interested in the business and affairs of the Applicant, and each understands that in the absence of the Guaranty, Stuart C. Irby Co. will not extend credit to this Applicant currently or in the future.

Guarantor(s) grant permission to Seller to obtain personal credit information from personal references furnished and/or from credit bureau reports, as may be deemed advisable. The undersigned individual(s) hereby knowingly consent to the use of such report in any manner consistent with the Federal Fair Credit Reporting Act as contained in 15 USC 1681, ct seq. Applicant warrants that the materials to be purchased are not for any personal, family, or household purposes.

**DATE** 05/22/23

**GUARANTOR(S):**

Aric Horning          ████████          *Aric Horning*

**PRINT**               **SOCIAL SECURITY NUMBER**          **SIGNATURE**



**PRINT**               **SOCIAL SECURITY NUMBER**          **SIGNATURE**

# STUART C. IRBY CO. PRIVACY POLICY

The Privacy Policy below governs your Irby Credit Account and any information you provide.

**A. Overview**
**B. Information We Collect**
**C. Our Use and Disclosure of Information**
**D. Information Security**
**E. Updating Your Credit Account Information**

## A. Overview

In order to operate the Irby Credit Account service and to reduce the risk of fraud, Stuart C. Irby Co. ("Irby" or "we") must ask you to provide us information about yourself and your credit. This Privacy Policy describes the information we collect and how we use that information.

If you apply for a Credit Account with Irby, you authorize Irby to obtain personal credit information from personal references furnished and/or from credit bureau reports. You also authorize Irby and any credit reporting agency to exchange the information you provide in the application form. If you are approved for a Credit Account, your account will be governed by the Privacy Policy.

Irby will use your information in accordance with the terms of this Privacy Policy. As described in more detail in Part C below, there are limited circumstances in which some of your information will be shared with third parties, under strict restrictions, so it is important for you to review this Privacy Policy.

By accepting the Privacy Policy and signing the Credit Application, you expressly consent to our use and disclosure of your personal information in the manner described in this Privacy Policy. This Privacy Policy is incorporated into and subject to the terms of the Credit Application. This Privacy Policy will take effect on March 1, 2005.

Please note that your personal information will be stored and processed on our computers in Mississippi. The laws on holding personal data in Mississippi may be less stringent than the laws of your state. If you object to your personal information being transferred or used as described in this Privacy Policy, please do not apply for the Credit Account.

### Notification of Changes

This policy is posted on Irby's website at https://www.irby.com/r/en/policies-terms/privacy-policy. We may periodically revise this pol-icy as a consequence of changes to our Terms and Conditions of Sale or based on suggestions from our customers. By applying for a Credit Account with Irby, you acknowledge that you use Irby's website to access information about your Credit Account and you agree to receive this policy and later modified versions of this policy by accessing the policy on our website.

## B. Information We Collect

### Required Information

To open an Irby account, you must complete and sign the Credit Application. Information About You From Third Parties

In order to protect all our customers against potential fraud, we verify with third parties the information you provide. In the course of such verification, we receive personally identifiable information about you from such services. In particular, if you apply for a Credit Account with Irby, we will conduct a background check on you and/or your business by obtaining information about you and/or your business from a credit bureau or a business information service such as Dun & Bradstreet. If you incur a debt to Irby, we will generally conduct a credit check on you by obtaining additional information about you from a credit bureau, to the extent permitted by law. Irby, at its sole discretion, also reserves the right periodically to retrieve and review a business and/or consumer credit report for any account, and reserves the right to close an account based on information obtained during this credit review process.

### Additional Verification

If we cannot verify the information that you provide, or if you request that Irby send invoices to an address other than your verified Credit Account billing address, we may ask you to send us additional information by fax (such as your driver's license, credit card statement, and/or a recent utility bill or other information linking you to the applicable address), or to answer additional questions to help verify your information.



Customer Service Correspondence

If you send us correspondence, including e-mails and faxes, we may retain such information in the records of your account. We may also retain customer service correspondence and other correspondence from Irby to you. We retain these records in order to investigate potential fraud and violations of our Credit Application. We may, over time, delete these records if permitted by law.

## C. Our Use and Disclosure of Information

Internal Uses

We collect, store and process your personal information. We use the information we collect about you in order 1) to determine your eligibility for a Credit Account, 2) to provide customer service, and 3) to improve our products and services.

Disclosure to Third Parties

Irby will not share any of your personally identifiable information with third parties except in the limited circumstances described below, or with your express permission. These third parties are limited by law or by contract from using the information for secondary purposes beyond the purposes for which the information is shared.

1.    We disclose information that we in good faith believe is appropriate to cooperate in investigations of fraud or other illegal activity, or to conduct investigations of violations of our Credit Application.

2.    We disclose information in response to a subpoena, warrant, court order, levy, attachment, order of a court-appointed receiver or other comparable legal process, including subpoenas from private parties in a civil action.

3.    We disclose information to your agent or legal representative (such as the holder of a power of attorney that you grant, or a guardian appointed for you).

4.    As with any other business, it is possible that Irby in the future could merge with or be acquired by another company. If such an acquisition occurs, the successor company would have access to the information maintained by Irby, including customer account information, but would continue to be bound by this Privacy Policy unless and until it is amended as described in Section A above.

5.    We may share your information with our parent, subsidiaries and joint ventures to help coordinate the services we provide to you.

Our Contacts with Irby Customers

We may communicate with customers via e-mail, phone or other methods to provide requested services, resolve customer complaints or investigate suspicious transactions. In connection with independent audits of our financial statements and operations, the auditors may seek to contact a sample of our customers to confirm that our records are accurate. However, these auditors cannot use personally identifiable information for any secondary purposes.

## D. Information Security

We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your non-public personal information.

## E. Updating Your Credit Account Information

If you apply for a Credit Account with Irby, you agree that you have a continuing obligation to update the information you provided in the Credit Application, if at any time the information has changed. If you close your Irby account, we will mark your account in our database as "Closed," but will keep your account information.

IRBY
PO Box 1819
Jackson, MS 39215
601-969-1811



irby.com

### Stuart C. Irby Company ("Irby")
# Terms and Conditions of Sale

To obtain the latest version of our Terms and Conditions, visit https://www.irby.com/r/en/policies-terms/terms-and-conditions. By checking the below box, you are confirming that you have read and recognize the most recent Terms and Conditions and that they supersede any other previous Terms and Conditions. The latest version of our Terms and Conditions will can be found on our website and are subject to change at anytime.

Name: Aric Horning *Aric Horning*
Company Name: CommNV, LLC
Date: 05/22/23





# EXHIBIT "2"

Bond# GM229060

# ▲AIA® Document A312™ – 2010

## *Performance Bond*

**CONTRACTOR:**
*(Name, legal status and address)*

**CommNV, LLC.**
**150 Monumental Circle**
**Sparks, NV. 89436**
**OWNER:**
*(Name, legal status and address)*

**Uprise Fiber, LLC.**
**1150 Matley Lane**
**Reno, NV. 89503**
**CONSTRUCTION CONTRACT**
Date: **September 9, 2023**

Amount: **$958,485.92**

Description:
*(Name and location)*
**Installation of conduit and vaults on NDOT I-80 Corridor.**

**SURETY:**
*(Name, legal status and principal place of business)*
**Great Midwest Insurance Company**
**800 Gessner Road, Suite 600**
**Houston, Texas 77024**

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

AIA Document A312–2010 combines two separate bonds, a Performance Bond and a Payment Bond, into one form. This is not a single combined Performance and Payment Bond.

**BOND** Date: **September 12, 2023**
*(Not earlier than Construction Contract Date)*

Amount: **$958,485.92**

Modifications to this Bond:  ☒ None      ☐ See Section 16

**CommNV, LLC.**
**CONTRACTOR AS PRINCIPAL**
Company:          *(Corporate Seal)*

Signature: _____
Name
and Title: _____
*(Any additional signatures appear on the last page of this Performance Bond.)*

**SURETY**          **Great Midwest Insurance Company**
Company:          *(Corporate Seal)*

Signature: _____
Name
and Title: Todd A. Stein - (Attorney-In-Fact)

*(FOR INFORMATION ONLY — Name, address and telephone)*
**AGENT or BROKER:**
Brunswick Companies
5309 Transportation Blvd.
Cleveland, OH 44125
330-864-8800

**OWNER'S REPRESENTATIVE:**
*(Architect, Engineer or other party:)*

§ 1 The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference.

§ 2 If the Contractor performs the Construction Contract, the Surety and the Contractor shall have no obligation under this Bond, except when applicable to participate in a conference as provided in Section 3.

§ 3 If there is no Owner Default under the Construction Contract, the Surety's obligation under this Bond shall arise after

    .1  the Owner first provides notice to the Contractor and the Surety that the Owner is considering declaring a Contractor Default. Such notice shall indicate whether the Owner is requesting a conference among the Owner, Contractor and Surety to discuss the Contractor's performance. If the Owner does not request a conference, the Surety may, within five (5) business days after receipt of the Owner's notice, request such a conference. If the Surety timely requests a conference, the Owner shall attend. Unless the Owner agrees otherwise, any conference requested under this Section 3.1 shall be held within ten (10) business days of the Surety's receipt of the Owner's notice. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contractor Default;

    .2  the Owner declares a Contractor Default, terminates the Construction Contract and notifies the Surety; and

    .3  the Owner has agreed to pay the Balance of the Contract Price in accordance with the terms of the Construction Contract to the Surety or to a contractor selected to perform the Construction Contract.

§ 4 Failure on the part of the Owner to comply with the notice requirement in Section 3.1 shall not constitute a failure to comply with a condition precedent to the Surety's obligations, or release the Surety from its obligations, except to the extent the Surety demonstrates actual prejudice.

§ 5 When the Owner has satisfied the conditions of Section 3, the Surety shall promptly and at the Surety's expense take one of the following actions:

§ 5.1 Arrange for the Contractor, with the consent of the Owner, to perform and complete the Construction Contract;

§ 5.2 Undertake to perform and complete the Construction Contract itself, through its agents or independent contractors;

§ 5.3 Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the Owner and a contractor selected with the Owner's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages as described in Section 7 in excess of the Balance of the Contract Price incurred by the Owner as a result of the Contractor Default; or

§ 5.4 Waive its right to perform and complete, arrange for completion, or obtain a new contractor and with reasonable promptness under the circumstances:

    .1  After investigation, determine the amount for which it may be liable to the Owner and, as soon as practicable after the amount is determined, make payment to the Owner; or

    .2  Deny liability in whole or in part and notify the Owner, citing the reasons for denial.

§ 6 If the Surety does not proceed as provided in Section 5 with reasonable promptness, the Surety shall be deemed to be in default on this Bond seven days after receipt of an additional written notice from the Owner to the Surety demanding that the Surety perform its obligations under this Bond, and the Owner shall be entitled to enforce any remedy available to the Owner. If the Surety proceeds as provided in Section 5.4, and the Owner refuses the payment or the Surety has denied liability, in whole or in part, without further notice the Owner shall be entitled to enforce any remedy available to the Owner.

§ 7 If the Surety elects to act under Section 5.1, 5.2 or 5.3, then the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Construction Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Construction Contract. Subject to the commitment by the Owner to pay the Balance of the Contract Price, the Surety is obligated, without duplication, for

.1    the responsibilities of the Contractor for correction of defective work and completion of the Construction Contract;

.2    additional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Section 5; and

.3    liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by delayed performance or non-performance of the Contractor.

§ 8 If the Surety elects to act under Section 5.1, 5.3 or 5.4, the Surety's liability is limited to the amount of this Bond.

§ 9 The Surety shall not be liable to the Owner or others for obligations of the Contractor that are unrelated to the Construction Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations. No right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators, successors and assigns.

§ 10 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

§ 11 Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after a declaration of Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

§ 12 Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears.

§ 13 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

§ 14 Definitions
§ 14.1 Balance of the Contract Price. The total amount payable by the Owner to the Contractor under the Construction Contract after all proper adjustments have been made, including allowance to the Contractor of any amounts received or to be received by the Owner in settlement of insurance or other claims for damages to which the Contractor is entitled, reduced by all valid and proper payments made to or on behalf of the Contractor under the Construction Contract.

§ 14.2 Construction Contract. The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and changes made to the agreement and the Contract Documents.

§ 14.3 Contractor Default. Failure of the Contractor, which has not been remedied or waived, to perform or otherwise to comply with a material term of the Construction Contract.

§ 14.4 Owner Default. Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

§ 14.5 Contract Documents. All the documents that comprise the agreement between the Owner and Contractor.

§ 15 If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

**§ 16** Modifications to this bond are as follows:

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

| CONTRACTOR AS PRINCIPAL | | SURETY | |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| | | | |
| Signature: _____ | | Signature: _____ | |
| Name and Title: | | Name and Title: | |
| Address | | Address | |

CAUTION: You should sign an original AIA Contract Document, on which this text appears in RED. An original assures that changes will not be obscured.

**Init.**

AIA Document A312™ – 2010. The American Institute of Architects.

**4**

/

Bond# GM229060

 **Document A312™ – 2010**

## *Payment Bond*

CONTRACTOR:
*(Name, legal status and address)*
CommNV, LLC.
150 Monumental Circle
Sparks, NV. 89436

OWNER:
*(Name, legal status and address)*

Uprise Fiber, LLC.
1150 Matley Lane
Reno, NV. 89503

CONSTRUCTION CONTRACT
Date:  September 9, 2023

Amount:  $958,485.92

Description:
*(Name and location)*

Installation of conduit and vaults on NDOT I-80 Corridor.

SURETY:
*(Name, legal status and principal place of business)*
**Great Midwest Insurance Company**
800 Gessner Road, Suite 600
Houston, Texas 77024

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

AIA Document A312–2010 combines two separate bonds, a Performance Bond and a Payment Bond, into one form. This is not a single combined Performance and Payment Bond.

BOND
Date:  September 12, 2023
*(Not earlier than Construction Contract Date)*

Amount:  $958,485.92

Modifications to this Bond:    ☒ None      ☐ See Section 18

CommNV, LLC.

| CONTRACTOR AS PRINCIPAL | | SURETY | Great Midwest Insurance Company |
|---|---|---|---|
| Company: | *(Corporate Seal)* | Company: | *(Corporate Seal)* |
| Signature: | | Signature: | *Todd A. Stein* |
| Name and Title: | Arte Horing | Name and Title: | Todd A. Stein (Attorney-In-Fact) |

*(Any additional signatures appear on the last page of this Payment Bond.)*

*(FOR INFORMATION ONLY — Name, address and telephone)*
AGENT or BROKER:

Brunswick Companies
5309 Transporation Blvd.
Cleveland, OH 44125
330-864-8800

OWNER'S REPRESENTATIVE:
*(Architect, Engineer or other party:)*

AIA Document A312™ – 2010. The American Institute of Architects.

091110

5

**§ 1** The Contractor and Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract, which is incorporated herein by reference, subject to the following terms.

**§ 2** If the Contractor promptly makes payment of all sums due to Claimants, and defends, indemnifies and holds harmless the Owner from claims, demands, liens or suits by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract, then the Surety and the Contractor shall have no obligation under this Bond.

**§ 3** If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.

**§ 4** When the Owner has satisfied the conditions in Section 3, the Surety shall promptly and at the Surety's expense defend, indemnify and hold harmless the Owner against a duly tendered claim, demand, lien or suit.

**§ 5** The Surety's obligations to a Claimant under this Bond shall arise after the following:

**§ 5.1** Claimants, who do not have a direct contract with the Contractor,
.1     have furnished a written notice of non-payment to the Contractor, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were, or equipment was, furnished or supplied or for whom the labor was done or performed, within ninety (90) days after having last performed labor or last furnished materials or equipment included in the Claim; and
.2     have sent a Claim to the Surety (at the address described in Section 13).

**§ 5.2** Claimants, who are employed by or have a direct contract with the Contractor, have sent a Claim to the Surety (at the address described in Section 13).

**§ 6** If a notice of non-payment required by Section 5.1.1 is given by the Owner to the Contractor, that is sufficient to satisfy a Claimant's obligation to furnish a written notice of non-payment under Section 5.1.1.

**§ 7** When a Claimant has satisfied the conditions of Sections 5.1 or 5.2, whichever is applicable, the Surety shall promptly and at the Surety's expense take the following actions:

**§ 7.1** Send an answer to the Claimant, with a copy to the Owner, within sixty (60) days after receipt of the Claim, stating the amounts that are undisputed and the basis for challenging any amounts that are disputed; and

**§ 7.2** Pay or arrange for payment of any undisputed amounts.

**§ 7.3** The Surety's failure to discharge its obligations under Section 7.1 or Section 7.2 shall not be deemed to constitute a waiver of defenses the Surety or Contractor may have or acquire as to a Claim, except as to undisputed amounts for which the Surety and Claimant have reached agreement. If, however, the Surety fails to discharge its obligations under Section 7.1 or Section 7.2, the Surety shall indemnify the Claimant for the reasonable attorney's fees the Claimant incurs thereafter to recover any sums found to be due and owing to the Claimant.

**§ 8** The Surety's total obligation shall not exceed the amount of this Bond, plus the amount of reasonable attorney's fees provided under Section 7.3, and the amount of this Bond shall be credited for any payments made in good faith by the Surety.

**§ 9** Amounts owed by the Owner to the Contractor under the Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any construction performance bond. By the Contractor furnishing and the Owner accepting this Bond, they agree that all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and Surety under this Bond, subject to the Owner's priority to use the funds for the completion of the work.

§ 10 The Surety shall not be liable to the Owner, Claimants or others for obligations of the Contractor that are unrelated to the Construction Contract. The Owner shall not be liable for the payment of any costs or expenses of any Claimant under this Bond, and shall have under this Bond no obligation to make payments to, or give notice on behalf of, Claimants or otherwise have any obligations to Claimants under this Bond.

§ 11 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

§ 12 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is the subject of the Construction Contract is located or after the expiration of one year from the date (1) on which the Claimant sent a Claim to the Surety pursuant to Section 5.1.2 or 5.2, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

§ 13 Notice and Claims to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the page on which their signature appears. Actual receipt of notice or Claims, however accomplished, shall be sufficient compliance as of the date received.

§ 14 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. When so furnished, the intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

§ 15 Upon request by any person or entity appearing to be a potential beneficiary of this Bond, the Contractor and Owner shall promptly furnish a copy of this Bond or shall permit a copy to be made.

§ 16 Definitions
§ 16.1 Claim. A written statement by the Claimant including at a minimum:
    .1   the name of the Claimant;
    .2   the name of the person for whom the labor was done, or materials or equipment furnished;
    .3   a copy of the agreement or purchase order pursuant to which labor, materials or equipment was furnished for use in the performance of the Construction Contract;
    .4   a brief description of the labor, materials or equipment furnished;
    .5   the date on which the Claimant last performed labor or last furnished materials or equipment for use in the performance of the Construction Contract;
    .6   the total amount earned by the Claimant for labor, materials or equipment furnished as of the date of the Claim;
    .7   the total amount of previous payments received by the Claimant; and
    .8   the total amount due and unpaid to the Claimant for labor, materials or equipment furnished as of the date of the Claim.

§ 16.2 Claimant. An individual or entity having a direct contract with the Contractor or with a subcontractor of the Contractor to furnish labor, materials or equipment for use in the performance of the Construction Contract. The term Claimant also includes any individual or entity that has rightfully asserted a claim under an applicable mechanic's lien or similar statute against the real property upon which the Project is located. The intent of this Bond shall be to include without limitation in the terms "labor, materials or equipment" that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental equipment used in the Construction Contract, architectural and engineering services required for performance of the work of the Contractor and the Contractor's subcontractors, and all other items for which a mechanic's lien may be asserted in the jurisdiction where the labor, materials or equipment were furnished.

§ 16.3 Construction Contract. The agreement between the Owner and Contractor identified on the cover page, including all Contract Documents and all changes made to the agreement and the Contract Documents.

Init.

/

§ 16.4 Owner Default. Failure of the Owner, which has not been remedied or waived, to pay the Contractor as required under the Construction Contract or to perform and complete or comply with the other material terms of the Construction Contract.

§ 16.5 Contract Documents. All the documents that comprise the agreement between the Owner and Contractor.

§ 17 If this Bond is issued for an agreement between a Contractor and subcontractor, the term Contractor in this Bond shall be deemed to be Subcontractor and the term Owner shall be deemed to be Contractor.

§ 18 Modifications to this bond are as follows:

*(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)*

**CONTRACTOR AS PRINCIPAL**                                          **SURETY**
Company:                        *(Corporate Seal)*    Company:                        *(Corporate Seal)*

Signature: _____    Signature: _____
Name and Title:                                      Name and Title:
Address                                              Address

CAUTION: You should sign an original AIA Contract Document, on which this text appears in RED. An original assures that changes will not be obscured.

AIA Document A312™ – 2010. The American Institute of Architects.

**Init.**

*/*

8

## POWER OF ATTORNEY
# Great Midwest Insurance Company

KNOW ALL MEN BY THESE PRESENTS, that **GREAT MIDWEST INSURANCE COMPANY**, a Texas Corporation, with its principal office in Houston, TX, does hereby constitute and appoint:

Todd A. Stein, Mark Levinson, Jeff McQuate, Mary Brenner-Miller

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of **GREAT MIDWEST INSURANCE COMPANY**, on the 1st day of October, 2018 as follows:

Resolved, that the President, or any officer, be and hereby is, authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed Ten Million dollars ($10,000,000.00), which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed in the Company's sole discretion and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Secretary, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, **GREAT MIDWEST INSURANCE COMPANY**, has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 11th day of February, 2021.



**GREAT MIDWEST INSURANCE COMPANY**

BY _____
Mark W. Haushill
President

## ACKNOWLEDGEMENT

On this 11th day of February, 2021, before me, personally came Mark W. Haushill to me known, who being duly sworn, did depose and say that he is the President of **GREAT MIDWEST INSURANCE COMPANY**, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

BY _____
Christina Bishop
Notary Public

## CERTIFICATE

I, the undersigned, Secretary of **GREAT MIDWEST INSURANCE COMPANY**, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth now are in force.

Signed and Sealed at Houston, TX this ___12th___ Day of ___September___ 20___23___.



BY _____
Leslie K. Shaunty
Secretary

**"WARNING:** Any person who knowingly and with intent to defraud any insurance company or other person, files and application for insurance of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Great Midwest Insurance Company
Statutory Balance Sheet
as of December 31, 2022
(in thousands)

| Assets | | | Liabilities, Capital and Surplus | | |
|---|---|---|---|---|---|
| **Cash & Invested Assets:** | | | **Liabilities:** | | |
| Cash and Short term Investments | $ | 88,538 | Loss and Loss Expense Reserves | $ | 84,237 |
| Bonds | | 196,165 | Unearned Premium | | 40,813 |
| Commons Stocks | | 21,270 | Ceded Reinsurance Premium | | 2,621 |
| Mortgage Loans | | 20,563 | Other Liabilities | | 1,868 |
| Other Invested Assets | | 16,350 | | | 27,970 |
| **Total Cash & Invested Assets** | | 342,885 | **Total Liabilities** | | 157,509 |
| | | | | | |
| **Other Assets:** | | | **Capital and Surplus:** | | |
| Premium Receivables | | 19,419 | Common Stock | | 4,550 |
| Reinsurance Recoverable | | 11,724 | Gross Paid In & Contributed Capital | | 261,893 |
| Tax Assets | | 7,240 | Unassigned Funds (Surplus) | | (7,132) |
| Other Assets | | 35,552 | | | |
| **Total Other Assets** | | 73,935 | **Total Capital and Surplus** | | 259,311 |
| | | | | | |
| **Total Assets** | $ | 416,820 | **Total Liabilites, Capital & Surplus** | $ | 416,820 |

CERTIFICATION

I, Mark W. Haushill, President of Great Midwest Insurance Company, hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Company, as of December 31, 2022.

Signature _Mark W. Haushill_

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company in Houston, Texas this 25 day of April, 2023.

STATE OF TEXAS
COUNTY OF HARRIS

On this 25 day of April 2023, before me, Christina Bishop, a Notary Public, personally appeared, Mark W. Haushill, who provided to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument and the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of Texas that the foregoing paragraph is true and

Witness my hand and official seal.

Signature _Christina Bishop_
Signature of Notary Public

CHRISTINA BISHOP
Notary Public, State of Texas
Comm. Expires 04-14-2025
Notary ID 131090488

# EXHIBIT "3"

# Irby Corporation is on your job!

**Project Address**
Uprise - Lovelock FTTH
205 INDUSTRIAL WAY
Lovelock, Nevada 89419

**State of Nevada, NRS 339.035**

Irby Corporation is proud to be providing services on your job. We are using Levelset to set this job up for payment success. We would like to share with you the information we have about your project.

## About our work

Fiber to the Home construction

**Work Starts**
9/29/2023

**Work Finishes**
9/29/2023

## About Us

Irby Corporation
5225 W 2400 South England Ct
West Valley City, Utah 84120

## More details can be found at

### levelset.com/talk

Reference WJ8KCR8MVCYF

There you will be able to:

- Send and receive messages about this document
- Fix or provide additional details

**Contact Info**

Thomas Box
Irby Corporation
Director of Credit
Phone: (801) 975-7300
Email: box@irby.com



## We were hired by

Subcontractor
COMMNV LLC
205 Industrial Pkwy
LOVELOCK, Nevada
89419

## Project Stakeholders

General Contractor
CommNV
9732 PYRAMID WAY #
904
SPARKS, Nevada
89431

Property Owner / Public Entity
Uprise Fiber LLC
1150 MATLEY LN
RENO, Nevada
89502

Property Owner / Public Entity
City Of Lovelock
Po Box 238
Lovelock, Nevada
89419

Surety / Bonding Co.
Brunswick Insurance
Company
5309 TRANSPORTATION
BLVD
CLEVELAND, Ohio
44125

## Our Vendors

(If applicable)



Want more information on this project? Visit levelset.com/talk and enter
WJ8KCR8MVCYF

## Additional Info About the Job

**Property Description**
Property located at the municipal address of 205 INDUSTRIAL WAY, LOVELOCK, NV 89419.In the county of PERSHING. APN 007-241-43. Briefly described as AMEND PARCEL B MAP# 182469. Subdivision: AMEND PARCEL B MAP# 182469. Township/Range/Section 273134.

We are pleased to inform you that Irby Corporation has commenced to deliver materials, suppliers, and/or labor as above-described and otherwise, for the improvement of the real property at 205 INDUSTRIAL WAY Lovelock, Nevada 89419. The name of the party ordering or to whom the services, labor, materials, suppliers or provisions is furnished is COMMNV LLC.

If the public entity commissioning the work, general contractor, and/or surety are not identified in this notice, or if any are incorrectly identified, please accept this notice as a formal request to deliver the name and address of the unidentified or misidentified party(ies) to Irby Corporation, by visiting levelset.com/talk and entering WJ8KCR8MVCYF.

Further, please accept this as a formal request from the Notifying Party to provide it with a copy of the payment bond applicable to the herein identified project.

If the Notifying Party did not contract directly with the public entity directly, please provide the Notifying Party with the completion date of the above-referenced project or work of improvement within ten (10) days of the project's completion.

Please provide the copy of the payment bond and notification of completion date to the following address:

Irby Corporation
5225 W 2400 South England Ct
West Valley City, Utah 84120

*Thomas Box*

Irby Corporation
Signed by Thomas Box, Director of Credit
Signed on October 06, 2023

 **LEVELSET**

Want more information on this project? Visit levelset.com/talk and enter WJ8KCR8MVCYF

# EXHIBIT "4"



# INVOICE

**www.irby.com**
**815 Irby Drive • Jackson, MS 39215**

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY UT 84128
385-285-3199 Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/09/23 | S013718852.002 |

| PLEASE REMIT PAYMENT TO: | |
|---|---|

STUART C. IRBY CO.
PO Box 843959
DALLAS TX 75284

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

**SHIP TO**

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS NV 89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK   NV  89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/09/23 | 09/27/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | *DURL 20001871 HT PLUG SNUG SP125 1.25" 05-170-1480 | 100 | 100 | 4.720E | 472.0( |
| 2 | *DURL 20005541 PINPOINT CONNECTOR 16-22AWG, 30/CASE PRICE PER CASE | 2 | 2 | 56.250E | 112.5( |
| 3 | *DURL 20000014 S-50 PUTTY 1LB 30/CASE PRICE PER CASE | 1 | 1 | 56.250E | 56.2! |

**Register Today with your Irby Customer Number!**

**www.irby.com**

Easily view your invoices, review open orders,

determine proof of delivery signatures

| | |
|---|---|
| **Subtotal** | 640.7! |
| **S&H Charges** | 0.0( |
| **Sales Tax** | 45.4! |
| **AMOUNT DUE** | 686.2< |

Invoice is due by 11/08/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

Page 1 of 1



# INVOICE

**www.irby.com**
**815 Irby Drive • Jackson, MS 39215**

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199  Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/09/23 | S013718852.004 |
| **PLEASE REMIT PAYMENT TO:** | |

STUART C. IRBY CO.
PO Box 843959
DALLAS  TX  75284

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

**SHIP TO**

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK  NV  89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/09/23 | 09/27/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | *DURL 20001485 18MM AIRTIGHT END CAP | 400 | 400 | 2.800E | 1120.00 |

**Register Today with your Irby Customer Number!**

## www.irby.com

Easily view your invoices, review open orders,

determine proof of delivery signatures

| | |
|---|---|
| **Subtotal** | 1120.00 |
| **S&H Charges** | 0.00 |
| **Sales Tax** | 79.52 |
| **AMOUNT DUE** | 1199.52 |

Invoice is due by 11/08/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

Page 1 of 1



# INVOICE

**www.irby.com**
**815 Irby Drive • Jackson, MS 39215**

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY UT 84128
385-285-3199 Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/10/23 | S013718852.010 |

| PLEASE REMIT PAYMENT TO: | |
|---|---|

STUART C. IRBY CO.
PO Box 843959
DALLAS TX 75284

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

**SHIP TO**

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK   NV   89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/10/23 | 09/26/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | OSPMIS ND6OFO 6 INCH X 1000 FOOT ORANGE FIBER OPTIC CABLE BELOW WARNING TAPE 4 MIL STANDARD NON DETECTABLE | 12 | 12 | 25.180E | 302.16 |

**Register Today with your Irby Customer Number!**

## www.irby.com

Easily view your invoices, review open orders,

determine proof of delivery signatures

| | |
|---|---|
| **Subtotal** | 302.16 |
| **S&H Charges** | 166.56 |
| **Sales Tax** | 21.45 |
| **AMOUNT DUE** | 490.17 |

Invoice is due by 11/09/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

Page 1 of 1



# INVOICE

**www.irby.com**
**815 Irby Drive • Jackson, MS 39215**

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199  Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/13/23 | S013718852.012 |

| PLEASE REMIT PAYMENT TO: |
|---|
| STUART C. IRBY CO. PO Box 843959 DALLAS  TX  75284 |

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

**SHIP TO**

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK   NV  89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/13/23 | 09/27/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | *DURL 10013256 FUTUREPATH REGULAR (STD. BUNDLE) WITH BLUE HDPE -ple 0.070-IN SHEATH, 6-WAY X MULTIPLE, DIMENSION MICRODUCTS, NO RIPCORDS, QTY 1 - #20 COPPER WIRE, ADDD1791, STEEL REEL 120 X 42 WIDE, STANDARD PRINT, 2000 FEET CONTAINS: 6-WAY HDPE MULTIPLE SIZED MICRODUCTS: 3-WAY 1.25" SDR 11 RIBBED ID 18/14 BLACK, GREEN & RED AND 3-WAY 18/14 MM RIBBED ID BLUE, ORANGE & WHITE | 178000 | 8000 | 4.940E | 39520.00 |
| 2 | *DURL 10013258 FUTUREPATH REGULAR (STD. BUNDLE) WITH GREEN HDPE - 0.070-IN SHEATH,6-WAY X MULTIPLE DIMENSION MICRODUCTS, NO RIPCORDS, QTY 1 - #20 COPPER WIRE, ADDD1789, STEEL REEL 120 X 42 WIDE, STANDARD PRINT, 2000 FEET CONTAINS: 6-WAY HDPE MULTIPLE SIZED MICRODUCTS: 3-WAY 1.25" SDR 11 RIBBED ID BROWN, LILAC & PINK & 3-WAY 18/14 MM RIBBED ID GRAY,TERRACOTTA & YELLOW | 178000 | 8000 | 4.940E | 39520.00 |

| | |
|---|---|
| **Subtotal** | 79040.00 |
| **S&H Charges** | 0.00 |
| **Sales Tax** | 5611.84 |
| **AMOUNT DUE** | 84651.84 |

Invoice is due by 11/12/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

Page 1 of 1



# INVOICE

**www.irby.com**
**815 Irby Drive • Jackson, MS 39215**

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199 Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/18/23 | S013718852.014 |
| **PLEASE REMIT PAYMENT TO:** | |

STUART C. IRBY CO.
PO Box 843959
DALLAS  TX  75284

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

**SHIP TO**

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK   NV   89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/18/23 | 09/27/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | *DURL 10013256 FUTUREPATH REGULAR (STD. BUNDLE) WITH BLUE HDPE -ple 0.070-IN SHEATH, 6-WAY X MULTIPLE, DIMENSION MICRODUCTS, NO RIPCORDS, QTY 1 - #20 COPPER WIRE, ADDD1791, STEEL REEL 120 X 42 WIDE, STANDARD PRINT, 2000 FEET CONTAINS: 6-WAY HDPE MULTIPLE SIZED MICRODUCTS: 3-WAY 1.25" SDR 11 RIBBED ID 18/14 BLACK, GREEN & RED AND 3-WAY 18/14 MM RIBBED ID BLUE, ORANGE & WHITE | 170000 | 8000 | 4.940E | 39520.00 |
| 2 | *DURL 10013258 FUTUREPATH REGULAR (STD. BUNDLE) WITH GREEN HDPE - 0.070-IN SHEATH,6-WAY X MULTIPLE DIMENSION MICRODUCTS, NO RIPCORDS, QTY 1 - #20 COPPER WIRE, ADDD1789, STEEL REEL 120 X 42 WIDE, STANDARD PRINT, 2000 FEET CONTAINS: 6-WAY HDPE MULTIPLE SIZED MICRODUCTS: 3-WAY 1.25" SDR 11 RIBBED ID BROWN, LILAC & PINK & 3-WAY 18/14 MM RIBBED ID GRAY,TERRACOTTA & YELLOW | 170000 | 8000 | 4.940E | 39520.00 |

| | |
|---|---|
| **Subtotal** | 79040.00 |
| **S&H Charges** | 0.00 |
| **Sales Tax** | 5611.84 |
| **AMOUNT DUE** | 84651.84 |

Invoice is due by 11/17/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms. ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO FORCE OR EFFECT

Page 1 of 1

# EXHIBIT "5"

Exhibit A

# STATEMENT



**A Sonepar Company**

815 Irby Drive • Jackson, MS 39215

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199

| STATEMENT DATE | CUSTOMER NUMBER |
|---|---|
| 12/31/23 | 260318 |

**PLEASE REMIT PAYMENT TO:**

STUART C. IRBY CO.
PO Box 843959
DALLAS  TX  75284

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

SHIP TO:

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK NV  89419-0000

| DATE | INVOICE # | PURCHASE ORDER NUM | INVOICE AMOUNT | PAYMENTS/CREDITS | NET DUE | DISC ALLOWED |
|---|---|---|---|---|---|---|
| 09/29/23 | S013718852.001 | NDOT-LOVELOCK | 1,730.47 | | 1,730.47 | |
| 10/09/23 | S013718852.002 | NDOT-LOVELOCK | 686.24 | | 686.24 | |
| 10/09/23 | S013718852.004 | NDOT-LOVELOCK | 1,199.52 | | 1,199.52 | |
| 10/10/23 | S013718852.010 | NDOT-LOVELOCK | 490.17 | | 490.17 | |
| 10/13/23 | S013718852.012 | NDOT-LOVELOCK | 84,651.84 | | 84,651.84 | |
| 10/18/23 | S013718852.014 | NDOT-LOVELOCK | 84,651.84 | | 84,651.84 | |
| 11/06/23 | S013718852.016 | NDOT-LOVELOCK | -1,730.47 | | -1,730.47 | |

**Register Today with your Irby Customer Number!**

## www.irbyutilities.com

Easily view your invoices, review open orders,

determine proof of delivery signatures

| PREVIOUS BAL | PAYMENTS | CREDITS | PURCHASES | SERVICE CHGS |
|---|---|---|---|---|
| 171,679.61 | 0.00 | 0.00 | 0.00 | 0.00 |

| CURRENT | 1-30 PAST DUE | 31-60 PAST DUE | 61-90 PAST DUE | OVER 90 |
|---|---|---|---|---|
| 0.00 | (1,730.47) | 171,679.61 | 1,730.47 | 0.00 |

| NEW BALANCE | 171,679.61 |
|---|---|

**NOTICE: Please be sure to use the
COMPLETE remit to address as shown in
the upper right corner of this statement.**

All past due balances subject to SERVICE CHARGES of 1.50% per month.
For Terms and Conditions, please visit

Page 1 of 1

# EXHIBIT "6"

# Notice of Nonpayment & Claim on Bond
**NRS 339.015 et seq.**

Reference ID: RNPPX68MWP5Y

**Prime Contractor:**
CommNV
9732 PYRAMID WAY # 904
SPARKS, NV 89431

**Surety:**
Brunswick Insurance Company
5309 TRANSPORTATION BLVD
CLEVELAND, OH 44125

**Public Agency Commissioning Work:**
Uprise Fiber LLC
1150 MATLEY LN
RENO, NV 89502
Nevada Department of Transportation
1263 S Stewart St
Carson City, Nevada 89701

**Description of Project:**
205 INDUSTRIAL WAY
Lovelock, Nevada 89419
County of Pershing County
State of Nevada

**Claimant:**
Irby Corporation
5225 W 2400 South England Ct
West Valley City, Utah 84120

**Total Amount Due and Claimed: $171,679.61**

**Description of Services Provided:**
Fiber to the Home construction

**Party who Hired Claimant:**
COMMNV LLC
205 Industrial Pkwy
LOVELOCK, NV 89419

## IMPORTANT INFORMATION ON FOLLOWING PAGE(S)

Pursuant to NRS 339.015 et seq., please accept this notice as a formal notice of nonpayment. The above-identified **Claimant** has furnished the above-described **Services** to the above-described **Project.** The **Claimant** provides that it has not been paid for these **Services**, and that the total amount currently due and owing to it, after application of all payments, credits and offsets, is the amount identified above as the "**Total Amount Due and Claimed**."

A claim is hereby made against the **Surety's** bond for this **Project.**

If the **Surety** is not named in this notice, than the **Claimant** formally requests, pursuant to the authority in NRS 339.045, that a copy of the bond for this **Project** be provided to it at the following address:

Irby Corporation<br>
c/o Mail Center<br>
9450 SW Gemini Dr #7790<br>
Beaverton, Oregon 97008-7105

Dated: January 16, 2024

*Thomas Box*

Signed by Thomas Box
Authorized Agent for Irby Corporation

Exhibit A

# STATEMENT



| STATEMENT DATE | CUSTOMER NUMBER |
|---|---|
| 12/31/23 | 260318 |

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY UT 84128
385-285-3199

**PLEASE REMIT PAYMENT TO:**

STUART C. IRBY CO.
PO Box 843959
DALLAS  TX  75284

**815 Irby Drive • Jackson, MS 39215**

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

SHIP TO:

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK  NV  89419-0000

| DATE | INVOICE # | PURCHASE ORDER NUM | INVOICE AMOUNT | PAYMENTS/CREDITS | NET DUE | DISC ALLOWED |
|---|---|---|---|---|---|---|
| 09/29/23 | S013718852.001 | NDOT-LOVELOCK | 1,730.47 | | 1,730.47 | |
| 10/09/23 | S013718852.002 | NDOT-LOVELOCK | 686.24 | | 686.24 | |
| 10/09/23 | S013718852.004 | NDOT-LOVELOCK | 1,199.52 | | 1,199.52 | |
| 10/10/23 | S013718852.010 | NDOT-LOVELOCK | 490.17 | | 490.17 | |
| 10/13/23 | S013718852.012 | NDOT-LOVELOCK | 84,651.84 | | 84,651.84 | |
| 10/18/23 | S013718852.014 | NDOT-LOVELOCK | 84,651.84 | | 84,651.84 | |
| 11/06/23 | S013718852.016 | NDOT-LOVELOCK | -1,730.47 | | -1,730.47 | |

### Register Today with your Irby Customer Number!

## www.irbyutilities.com

Easily view your invoices, review open orders,

determine proof of delivery signatures

| PREVIOUS BAL | PAYMENTS | CREDITS | PURCHASES | SERVICE CHGS |
|---|---|---|---|---|
| 171,679.61 | 0.00 | 0.00 | 0.00 | 0.00 |

| CURRENT | 1-30 PAST DUE | 31-60 PAST DUE | 61-90 PAST DUE | OVER 90 |
|---|---|---|---|---|
| 0.00 | (1,730.47) | 171,679.61 | 1,730.47 | 0.00 |

| NEW BALANCE | 171,679.61 |
|---|---|

**NOTICE: Please be sure to use the COMPLETE remit to address as shown in the upper right corner of this statement.**

All past due balances subject to SERVICE CHARGES of 1.50% per month.
For Terms and Conditions, please visit



# INVOICE

**www.irby.com**
**815 Irby Drive • Jackson, MS 39215**

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199  Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/09/23 | S013718852.002 |

| PLEASE REMIT PAYMENT TO: | |
|---|---|

STUART C. IRBY CO.
PO Box 843959
DALLAS TX 75284

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

**SHIP TO**

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK  NV  89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/09/23 | 09/27/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | *DURL 20001871 HT PLUG SNUG SP125 1.25" 05-170-1480 | 100 | 100 | 4.720E | 472.00 |
| 2 | *DURL 20005541 PINPOINT CONNECTOR 16-22AWG, 30/CASE PRICE PER CASE | 2 | 2 | 56.250E | 112.50 |
| 3 | *DURL 20000014 S-50 PUTTY 1LB 30/CASE PRICE PER CASE | 1 | 1 | 56.250E | 56.25 |

**Register Today with your Irby Customer Number!**

## www.irby.com

Easily view your invoices, review open orders,

determine proof of delivery signatures

| | |
|---|---|
| **Subtotal** | 640.75 |
| **S&H Charges** | 0.00 |
| **Sales Tax** | 45.49 |
| **AMOUNT DUE** | 686.24 |

Invoice is due by 11/08/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

Page 1 of 1



# INVOICE

www.irby.com
815 Irby Drive • Jackson, MS 39215

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199  Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/09/23 | S013718852.004 |

| PLEASE REMIT PAYMENT TO: | |
|---|---|
| STUART C. IRBY CO.<br>PO Box 843959<br>DALLAS  TX  75284 | |

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

**SHIP TO**

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK  NV  89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/09/23 | 09/27/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | *DURL 20001485 18MM AIRTIGHT END CAP | 400 | 400 | 2.800E | 1120.00 |

**Register Today with your Irby Customer Number!**

## www.irby.com

Easily view your invoices, review open orders,

determine proof of delivery signatures

| | |
|---|---|
| Subtotal | 1120.00 |
| S&H Charges | 0.00 |
| Sales Tax | 79.52 |
| AMOUNT DUE | 1199.52 |

Invoice is due by 11/08/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

Page 1 of 1



# INVOICE

**www.irby.com**
**815 Irby Drive • Jackson, MS 39215**

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199  Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/10/23 | S013718852.010 |

| PLEASE REMIT PAYMENT TO: | |
|---|---|
| STUART C. IRBY CO.<br>PO Box 843959<br>DALLAS  TX  75284 | |

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

**SHIP TO**

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK  NV  89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/10/23 | 09/26/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | OSPMIS ND6OFO 6 INCH X 1000 FOOT ORANGE FIBER OPTIC CABLE BELOW WARNING TAPE 4 MIL STANDARD NON DETECTABLE | 12 | 12 | 25.180E | 302.16 |

**Register Today with your Irby Customer Number!**

## www.irby.com

Easily view your invoices, review open orders,

determine proof of delivery signatures

| | |
|---|---|
| **Subtotal** | 302.16 |
| **S&H Charges** | 166.56 |
| **Sales Tax** | 21.45 |
| **AMOUNT DUE** | 490.17 |

Invoice is due by 11/09/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

Page 1 of 1



www.irby.com
815 Irby Drive • Jackson, MS 39215

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199 Fax

# INVOICE

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/13/23 | S013718852.012 |

**PLEASE REMIT PAYMENT TO:**

STUART C. IRBY CO.
PO Box 843959
DALLAS TX 75284

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS  NV  89431-0000

**SHIP TO**

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK  NV  89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/13/23 | 09/27/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | *DURL 10013256 FUTUREPATH REGULAR (STD. BUNDLE) WITH BLUE HDPE -ple 0.070-IN SHEATH, 6-WAY X MULTIPLE, DIMENSION MICRODUCTS, NO RIPCORDS, QTY 1 - #20 COPPER WIRE, ADDD1791, STEEL REEL 120 X 42 WIDE, STANDARD PRINT, 2000 FEET CONTAINS: 6-WAY HDPE MULTIPLE SIZED MICRODUCTS: 3-WAY 1.25" SDR 11 RIBBED ID 18/14 BLACK, GREEN & RED AND 3-WAY 18/14 MM RIBBED ID BLUE, ORANGE & WHITE | 178000 | 8000 | 4.940E | 39520.00 |
| 2 | *DURL 10013258 FUTUREPATH REGULAR (STD. BUNDLE) WITH GREEN HDPE - 0.070-IN SHEATH,6-WAY X MULTIPLE DIMENSION MICRODUCTS, NO RIPCORDS, QTY 1 - #20 COPPER WIRE, ADDD1789, STEEL REEL 120 X 42 WIDE, STANDARD PRINT, 2000 FEET CONTAINS: 6-WAY HDPE MULTIPLE SIZED MICRODUCTS: 3-WAY 1.25" SDR 11 RIBBED ID BROWN, LILAC & PINK & 3-WAY 18/14 MM RIBBED ID GRAY,TERRACOTTA & YELLOW | 178000 | 8000 | 4.940E | 39520.00 |

| | |
|---|---|
| **Subtotal** | 79040.00 |
| **S&H Charges** | 0.00 |
| **Sales Tax** | 5611.84 |
| **AMOUNT DUE** | 84651.84 |

Invoice is due by 11/12/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

Page 1 of 1



# INVOICE

**www.irby.com**
**815 Irby Drive • Jackson, MS 39215**

STUART C IRBY BR 1093 SALT LAKE CTY
6312 WEST BEAGLEY ROAD
WEST VALLEY CITY  UT  84128
385-285-3199 Fax

| INVOICE DATE | ORDER NUMBER |
|---|---|
| 10/18/23 | S013718852.014 |

**PLEASE REMIT PAYMENT TO:**

STUART C. IRBY CO.
PO Box 843959
DALLAS TX 75284

| TO VIEW OR PAY ONLINE GO TO: | http://irby.billtrust.com |
|---|---|
| USE THIS ENROLLMENT TOKEN: | LXB VSL ZBM |

**SHIP TO**

COMMNV LLC
ACCOUNTS PAYABLE
9732 PYRAMID HWY BOX 904
SPARKS NV 89431-0000

JOB UPRISE - LOVELOCK FTTH
COMMNV LLC
205 INDUSTRIAL PKWY
LOVELOCK  NV  89419-0000

| CUSTOMER NUMBER | CUSTOMER ORDER NUMBER | ORDERED BY | JOB/RELEASE NUMBER | OUTSIDE SALESPERSON |
|---|---|---|---|---|
| 262407 | NDOT-LOVELOCK | Aric | | Damion M Hinckley |

| INSIDE SALESPERSON | SHIP VIA | TERMS | SHIP DATE | ORDER DATE |
|---|---|---|---|---|
| Kenneth Sean Burgess | DIRECT | NET DUE 30 DAYS | 10/18/23 | 09/27/23 |

| LINE | DESCRIPTION | ORDER QTY | SHIP QTY | NET UNIT PRC | EXT AMOUNT |
|---|---|---|---|---|---|
| 1 | *DURL 10013256 FUTUREPATH REGULAR (STD. BUNDLE) WITH BLUE HDPE -ple 0.070-IN SHEATH, 6-WAY X MULTIPLE, DIMENSION MICRODUCTS, NO RIPCORDS, QTY 1 - #20 COPPER WIRE, ADDD1791, STEEL REEL 120 X 42 WIDE, STANDARD PRINT, 2000 FEET CONTAINS: 6-WAY HDPE MULTIPLE SIZED MICRODUCTS: 3-WAY 1.25" SDR 11 RIBBED ID 18/14 BLACK, GREEN & RED AND 3-WAY 18/14 MM RIBBED ID BLUE, ORANGE & WHITE | 170000 | 8000 | 4.940E | 39520.00 |
| 2 | *DURL 10013258 FUTUREPATH REGULAR (STD. BUNDLE) WITH GREEN HDPE - 0.070-IN SHEATH,6-WAY X MULTIPLE DIMENSION MICRODUCTS, NO RIPCORDS, QTY 1 - #20 COPPER WIRE, ADDD1789, STEEL REEL 120 X 42 WIDE, STANDARD PRINT, 2000 FEET CONTAINS: 6-WAY HDPE MULTIPLE SIZED MICRODUCTS: 3-WAY 1.25" SDR 11 RIBBED ID BROWN, LILAC & PINK & 3-WAY 18/14 MM RIBBED ID GRAY,TERRACOTTA & YELLOW | 170000 | 8000 | 4.940E | 39520.00 |

Invoice is due by 11/17/23.

OUR PRODUCT AND SERVICES ARE SUBJECT TO, AND GOVERNED
EXCLUSIVELY BY, OUR TERMS AND CONDITIONS OF SALE, WHICH ARE
INCORPORATED HEREIN AND AVAILABLE AT www.irby.com/terms.
ADDITIONAL OR CONFLICTING TERMS ARE REJECTED, VOID AND OF NO
FORCE OR EFFECT

| | |
|---|---|
| Subtotal | 79040.00 |
| S&H Charges | 0.00 |
| Sales Tax | 5611.84 |
| AMOUNT DUE | 84651.84 |