# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Stuart C. Irby Company, LLC, | Case No. 2:24-cv-01889-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| CommNV, LLC, et al., | |
| Defendants. | |

Before the court is Plaintiff Stuart C. Irby Company, LLC's Motion to Seal Exhibit One of Plaintiff's Complaint. ECF No. 6. The motion seeks to redact a tax identification number, financial account number, and social security number contained in the Exhibit. *Id.* Defendant Uprise, LLC responded without opposition at ECF No. 12. For the reasons discussed below, the Court grants Plaintiff's motion.

**I.  BACKGROUND**

Plaintiff filed a Complaint on October 9, 2024, including Exhibit One, which detailed an individual's tax identification number, account number, and social security number without redactions. ECF No. 1. Plaintiff now moves to seal this information in accordance with Local Rule IA 10-5. ECF No. 6.

**II.  DISCUSSION**

   **A.   Standard for Sealing Exhibits**

When filing documents with the court, parties must either refrain from including or partially redact social security numbers, financial account numbers, and tax identification numbers, leaving only the last four digits if they are included. LR IC 6-1; *see also* Fed. R. Civ. P 5.2(a) (directing parties to include only the last four digits of such personal and financial identification numbers when filing with federal courts).

Parties may move for leave to file documents under seal. LR IA 10-5. However, the Ninth Circuit holds there is a strong presumption of public access to judicial records for dispositive

motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). This presumption is supported by a history of public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id*. at 1178. Alternatively, non-dispositive motions, and their attached records, do not have the same presumption as these documents are often unrelated or merely tangentially related to the underlying cause of action. *Id*. at 1179. For non-dispositive motions, Ninth Circuit courts apply the "good cause" standard. *Id*. at 1180. The party moving to seal must make a particularized showing that the need for confidentiality outweighs the need for public disclosure. *See id*. The document Plaintiff moves to redact is attached to a Complaint, which is a non-dispositive pleading. Therefore, the Court will apply the good cause standard.

**B.  Analysis**

Federal and local rules require Plaintiff to partially redact social security numbers, tax identification numbers, and financial account numbers. As a result, the Court finds the request to seal this information is appropriate and in turn, requests the parties ensure all such information is redacted throughout Exhibit One and further filings. Moreover, Plaintiff meets the good cause standard by identifying specific sensitive information. The harm from the improper use of sensitive personal and financial identification numbers outweighs the interest in public disclosure as it does not meaningfully contribute to the public's understanding of this case.

**III.  CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal Exhibit One of Plaintiff's Complaint (ECF No. 6) is GRANTED.

**IT IS FURTEHR ORDERED** that the Clerk of Court is directed to seal ECF No. 1.

**IT IS FURTHER ORDERED** that Plaintiff is directed to file a new complaint which contains a redacted version of Exhibit 1 within 14 days of this Order.

DATED this 21st day of January 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE