UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STUART C. IRBY COMPANY LLC., | Case No. 2:24-cv-01889-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| COMMNV; ET AL., | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. ECF No. 52. The Uprise Defendants (Uprise Fiber LLC and Uprise LLC) opposed (ECF No. 53), and Plaintiff replied (ECF No. 54). Because the Uprise Defendants fail to meet their burden of showing that Plaintiff can prove no set of facts that would properly allege alter ego liability, amendment is not futile. As such, the Court grants Plaintiff's Motion.

**I.    LEGAL STANDARD**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The party opposing amendment bears the burden of showing why leave should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir.

1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019).

## II.   ANALYSIS

Plaintiff seeks to amend its complaint to (1) assert allegations against the Uprise Defendants and the unknown Uprise payment bond surety and (2) add Stephen Kromer and Kromer Investments, LLC as alter-egos of the Uprise Defendants. The Uprise Defendants do not argue bad faith, undue delay, prejudice, or complain that Plaintiff has previously amended the complaint. Instead, the Uprise Defendants contend that the alter ego allegations deficient.[1] [2]

For the Court to deny amendment based on futility, the Uprise Defendants must establish that Plaintiff "can prove no set of facts" relevant to the alter ego claims. *Barahona*, 881 F.3d at 1134. Given Plaintiff's newly alleged facts and their potential to cure any deficiencies, the Court finds the allegation of alter ego liability is not futile. Whether the alter ego liability is plausibly

---

[1] The Uprise Defendants state, in passing, that the fact that Mr. Kromer has been indicted is not evidence in a civil case. It is not clear how that statement helps the Uprise Defendants meet their burden with regard to the instant motion.

[2] This Court assumes, without deciding, that the Uprise Defendants have standing to raise this challenge for purposes of this motion.

alleged—and, in turn, whether such relief is ultimately permitted—is a determination for a later stage. For now, the Court allows the amendments.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to detach and file the Proposed Amended Complaint (ECF No. 52 at 11–76).

DATED this 9th day of July 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

3