# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STUART C. IRBY COMPANY, LLC, | Case No. 2:24-cv-01889-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| COMMNV, LLC, *et al.*, | |
| Defendants. | |

Plaintiff Stuart C. Irby Company, LLC ("Irby") brings this suit against CommNV, LLC, Aric Horning, Uprise Fiber, LLC, Uprise, LLC, and Great Midwest Insurance Company for: breach of contract, claim for payment under the bond and under Nev. Rev. Stat. Ann. § 339.015 *et seq.*, enforcement of rights under the guaranty, and unjust enrichment. Defendant Uprise, LLC moves to transfer this action to the unofficial Northern Division of the United States District Court for the District of Nevada because: (i.) there is ongoing, parallel state litigation in Washoe County; (ii.) the primary Defendants reside in Washoe County; and (iii.) the underlying project is based in Pershing County. See ECF No. 9. In its response, Plaintiff does not oppose transfer. See ECF No. 21.

**I.   DISCUSSION**

28 U.S.C. § 1406(a) authorizes district courts to transfer cases that have been brought in an improper venue to one "in which it could have been brought." 28 U.S.C. § 1406(a); see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986) (noting that the decision to dismiss or transfer under § 1406(a) is within the district court's discretion). Generally, a judicial district is a proper venue for a civil action if it is one in which: (1) "any defendant resides, if all defendants are residents of the State in which the district is located," or (2) "a substantial part

of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b)(1)–(2). If neither of those two bases apply, then venue is properly laid in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Id. § 1391(b)(3).

This case arises from events that took place in the unofficial Northern Division. Defendant Uprise, LLC obtained a federal contract in 2023 to install fiber optic cable in Pershing County, Nevada, located in the unofficial Northern Division. Uprise, LLC hired Defendant CommNV, LLC as a general contractor, and CommNV, LLC purchased conduit from Plaintiff Irby. A dispute arose between CommNV, LLC and Uprise, LLC resulting in state court litigation filed in November 2023. See generally CommNV, LLC v. Uprise, LLC, No. CV23-02123 (2nd Jud. Dist. Ct. for Nev. 2023). Part of the state court litigation involves the conduit ordered by CommNV, LLC from Irby. Irby, upon not receiving payment from CommNV, LLC, filed this Complaint in October 2024. Therefore, both the related state court litigation and the underlying project are in the unofficial Northern Division.

The majority of the Defendants reside in the unofficial Northern Division. In the Complaint, Irby represents itself as a Mississippi limited liability company whose sole member is incorporated and based in Delaware. The complaint also identifies CommNV, LLC, Mr. Horning, and Uprise, LLC as residing, or having their primary place of business, in Washoe County.

Defendant Uprise, LLC has therefore demonstrated that transfer promotes convenience for the parties and the interests of justice.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Uprise, LLC's Motion to Transfer Venue (ECF No. 9) is **GRANTED**. The Clerk of Court shall transfer venue to the unofficial Northern Division of the United States District Court for the District of Nevada, but the Clerk shall retain the assigned presiding judge, the Honorable Richard F. Boulware, II. A new magistrate judge shall be assigned. The Court will hold all court appearances in the unofficial Northern Division.

**DATED:** September 30, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**